Raymond R. STULL,
Plaintiff-Appellant,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,
Defendant-Appellee.

No. 83–3779.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 25, 1984.

Decided Nov. 28, 1984.

Paul A. Tscholl (argued), John A. Tscholl, Canton, Ohio, for plaintiff-appellant.

Richard J. French (argued), Asst. U.S. Atty., Cleveland, Ohio, for defendant-appellee.

Before EDWARDS and MARTIN, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

This is an appeal from a determination by an administrative law judge that Raymond Stull was not entitled to Social Security disability benefits. The issue is whether this case is properly before us. We hold that it is not, and therefore decline to exercise jurisdiction.

The parties on August 3, 1983, consented to the exercise of jurisdiction by a magistrate, and further consented to appeal on the record to a district judge. The magistrate on August 12, 1983, affirmed the denial of benefits, and Stull timely appealed to the district court. However, Stull did not timely file a designation of the contents for inclusion in the record on appeal or a statement of the issues he intended to present on appeal pursuant to N.D. Ohio Local Civ.R. 19.06(9), so the district court sua sponte dismissed the action for failure to prosecute on October 3, 1983. Stull filed a notice of appeal to this court on October 27, 1983.

Consensual jurisdiction of magistrates is governed by 28 U.S.C. § 636(c) which was cited on the consent form signed by the parties' attorneys. That provision reads in relevant part:

(c) Notwithstanding any provision of law to the contrary—

. . . .

(4) ... [A]t the time of reference to a magistrate, the parties may further consent to appeal on the record to a judge of the district court in the same manner as on an appeal from a judgment of the district court to a court of appeals. Wherever possible the local rules of the district court and the rules promulgated by the conference shall endeavor to make such appeal expeditious and inexpensive. The district court may affirm, reverse, modify, or remand the magistrate's judgment.

(5) Cases in the district courts under paragraph (4) of this subsection may be reviewed by the appropriate United States court of appeals upon petition for leave to appeal by a party stating specific objections to the judgment. Nothing in this paragraph shall be construed to be a limitation on any party's right to seek review by the Supreme Court of the United States.

The plain intent of the statute is that when the parties have consented to a magistrate's jurisdictions and review by the district court, there is no appeal by right to the court of appeals, but only discretionary review. *Wharton-Thomas v. United States,* 721 F.2d 922, 924 (3d Cir. 1983). Congress envisioned that the parties themselves would determine in advance whether the amount in controversy and the importance of the legal questions to be decided would justify the expense and delay of an appeal to the circuit. If one party later regrets this decision, authorization of a subsequent, purely discretionary review by the court of appeals gives the circuit court the power to hear an appeal in appropriate cases. McCabe, *The Federal Magistrate Act of 1979,* 16 Harv.J. on Legis. 343, 386–89 (1979); *see* S.Rep. No. 74, 96th Cong., 1st Sess. 13–14, *reprinted in* 1979 U.S.Code Cong. & Ad. News 1469, 1482.

Here there has been no petition for leave to appeal, but the parties have proceeded as upon an appeal by right. Section 636(c) has been in effect for five years now, and it can no longer be said that the provision is of such recent origin and unfamiliarity that it would be needlessly harsh to apply it. *See Wharton-Thomas,* 721 F.2d at 924. Rather, the statute is straightforward and well comports with the concern for judicial efficiency expressed in *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981).

The appeal is dismissed for want of jurisdiction.