Ellery Cornelius OLIVER, Plaintiff–Appellant,

v.

James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, et al., Defendants–Appellees.

No. 89–2739

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 28, 1990.

Ellery Cornelius Oliver, Huntsville, Tex., pro se.

Karen D. Matlock, Jim Mattox, Atty. Gen., Austin, Tex., for defendants-appellees.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

REAVLEY, Circuit Judge:

Ellery Cornelius Oliver, an inmate at the Coffield Unit of the Texas Department of Corrections (TDC), raises a number of challenges to an adverse judgment on his section 1983 claims. Oliver's appeal requires us to make an initial determination as to whether this court is the proper forum for consideration of his challenges to the proceedings before the magistrate. We conclude that we have authority to entertain the appeal, and, on the merits of Oliver's claims, we affirm in part and remand for additional findings by the magistrate.

I.

Oliver contends that on October 26, 1987, three TDC Correctional Officers, Rickey Jackson, Robert Morton, and Billy Jones, assaulted him, causing various injuries. Oliver brought suit against Jackson, Morton, Jones, and eleven other defendants, alleging numerous state law and constitutional violations and seeking relief pursuant to 42 U.S.C. section 1983.

Using a form provided by the district court, the parties executed written consent to trial before and entry of judgment by a magistrate. Following a *Spears* hearing, *see Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985), the magistrate dismissed Oliver's claims against all defendants except Officers Jackson, Morton, and Jones. Oliver's claims against the three remaining defendants were presented to a jury. During the trial, the magistrate found that there was insufficient evidence against Officers Jackson and Morton to create a fact question and directed verdicts in their favor. The jury subsequently returned a verdict in favor of Officer Jones, and the magistrate entered final judgment dismissing the entire action with prejudice.

II.

■ Before addressing Oliver's claims, we must determine whether this appeal from the magistrate's judgment is properly before this court. In general, the courts of appeals are the appropriate forum for appellate review of final judgments entered by magistrates. *See* 28 U.S.C. § 636(c)(3) ("[A]n aggrieved party may appeal directly

to the appropriate United States court of appeals from the judgment of the magistrate in the same manner as an appeal from any other judgment of a district court."). When parties consent to entry of judgment by a magistrate, however, they may also elect an alternate forum for their appeal.

> [A]t the time of reference to a magistrate, the parties may further consent to appeal on the record to a judge of the district court in the same manner as on an appeal from a judgment of the district court to a court of appeals.... The district court may affirm, reverse, modify, or remand the magistrate's judgment.

*Id.* § 636(c)(4). If the parties elect to follow this alternate route, the district court's disposition of the appeal "may be reviewed by the appropriate United States court of appeals upon petition for leave to appeal by a party stating specific objections to the judgment." *Id.* § 636(c)(5).

The parties to this proceeding executed written consent to proceed before a magistrate. In the same document, the parties agreed that any appeal from the judgment would be taken to the district court. The form containing this agreement indicated that "[s]hould the parties choose this [alternate] appeals route, they may then appeal, 'by petition only, to the court of appeals.'" Notwithstanding this agreement, Oliver filed his notice of appeal from the magistrate's judgment in this court pursuant to 28 U.S.C. section 636(c)(3). Counsel for appellees responded to Oliver's arguments without questioning this court's authority to entertain the appeal.

Our research reveals no decisions from this circuit addressing the scope of our authority to consider appeals brought under these circumstances.[1] Nevertheless, we conclude that we may consider the merits of Oliver's arguments. Sections 636(c)(3)–(5) are "clearly directed toward creating alternative forums for appeals from magistrates' judgments," leaving "the choice of forum to the parties." *Ridings v. Lane County, Or.*, 862 F.2d 231, 233 (9th Cir.1988). Thus, having initially consented to appeal to the district court, the parties to a proceeding subsequently could agree to revoke their consent and present their arguments directly to the court of appeals. *See* C. Wright, A. Miller & E. Cooper, 15 Federal Practice and Procedure § 3901.1, at 21 (2d ed. 1990 Supp.). In such a case, neither party is prejudiced and the purpose of the statute—to give effect to the parties' choice of an appellate forum—is served.

The same considerations justify our review of Oliver's arguments in this case. Certainly, appellees could have sought enforcement of the agreement to appeal to the district court by presenting a timely objection to this court's exercise of our appellate authority. Having failed to raise an objection, however, appellees waived their right to enforce the agreement and thus effectively acquiesced in Oliver's choice to present his claims to this court. *Cf. Ridings*, 862 F.2d at 233 ("If the non-appealing party wishes to require compliance with a stipulation of appeal to the district court, the non-appealing party should raise a timely objection to the exercise of jurisdiction by this court."); C. Wright, A. Miller & E. Cooper, *supra*, § 3901.1, at 21 ("The consent to appeal to the district court need not foreclose appeal directly to the court of appeals ... if no timely objection is made by any party following an appeal taken directly to the court of appeals.").

### III.

#### A.

 Oliver contends that the magistrate erred in dismissing his claim against

---

1. Decisions from other circuits do not evidence a clear consensus on the issue. Several courts have suggested that parties' consent to appeal a magistrate's judgment to the district court deprives the court of appeals of authority to consider a direct appeal. *See Hall v. Medical Dep't*, No. 88–7148, slip op. [859 F.2d 150 (table) ] (4th Cir. Sept. 14, 1988) (WESTLAW, cta database); *Stull v. Secretary of Health & Human Servs.*, 749 F.2d 9, 11 (6th Cir.1984); *Wharton–Thomas v. United States*, 721 F.2d 922, 924 (3d Cir.1983). In contrast, the Ninth Circuit has rejected a restrictive approach, holding that "the parties' consent to a district court appeal does not create a permanent and nonwaivable jurisdictional bar to appeal to this court." *Ridings v. Lane County, Or.*, 862 F.2d 231, 233 (9th Cir.1988).

Anderson County Sheriff Gary Thomas. Specifically, Oliver contends that Thomas' failure to press criminal charges against the officers involved in the alleged assault deprived him of various constitutional rights. Even if Thomas were the person with authority to decide whether or not to pursue criminal charges, Oliver would have no claim because "[p]rosecutors are immune from liability in suits under § 1983 for acts that are an integral part of the judicial process." *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir.1979). The decision to file or not file criminal charges falls within this category of acts that will not give rise to section 1983 liability. *See Williams v. Hartje*, 827 F.2d 1203, 1209 (8th Cir.1987); *Henzel*, 608 F.2d at 657. The magistrate properly dismissed Oliver's claim against Sheriff Thomas.

### B.

■ Oliver contends that the magistrate erred in dismissing his claims against ten TDC officials and employees. In his complaint, Oliver asserted that these defendants were negligent in their training and supervision of TDC officers and in their investigation of the alleged assault. The magistrate properly held that Oliver failed to state a claim against these defendants in their supervisory roles. Oliver did not allege that the defendants were personally involved in the assault, nor did he allege a sufficient causal connection between their conduct and the assault. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987). To the extent Oliver was claiming that the defendants' actions gave rise to constitutional claims independent of the assault, the magistrate properly dismissed the claims because there was no allegation of any harm.

### C.

Oliver contends that the magistrate abused his discretion during the trial of Oliver's claims by admitting into evidence a videotape that was made immediately after the alleged assault and showed him nude. Oliver does not contend that the videotape was irrelevant evidence concerning the ex-

tent of his injuries and his physical condition after the alleged assault but merely asserts that the playing of the tape violated his right to privacy. This claim presents nothing for review.

### D.

■ Oliver argues that the magistrate failed to rule on his libel and slander claims, which are based on his contention that several defendants filed false reports with regard to the alleged assault and thereby injured his reputation. We have held that injury to reputation alone does not give rise to section 1983 liability, *see Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir.1988), and Oliver's claim thus presents no basis for disturbing the judgment.

### E.

■ Oliver contends that the magistrate erred in directing a verdict in favor of Officers Jackson and Morton. Oliver also suggests that the verdict in favor of Officer Jones was not supported by credible evidence and that the magistrate should have granted judgment notwithstanding the verdict. Finally, Oliver raises arguments suggesting that the jury was biased because he is black and each of the jurors on the panel was white and because one of the jurors was a "soda water" vendor who did business with TDC's Coffield Unit.

Our review of these claims is precluded by an absence in the appellate record of a transcript of the trial proceedings. Oliver filed a motion seeking transcription, at government expense, of the *Spears* hearing and trial. The magistrate denied the motion because Oliver "set forth no reasons to justify the cost of transcribing the" proceedings. *Cf.* 28 U.S.C. § 753(f) (noting that an in forma pauperis appellant may obtain a transcript "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question")). Rather than file a second motion setting forth his issues for appeal, however, Oliver simply proceeded to file his appellate brief. Relying on that portion of

Federal Rule of Appellate Procedure 10(b) that places the burden on an appellant to provide necessary portions of the record, the state contends that we should refuse to consider Oliver's claims that require review of the trial record. On the other hand, Oliver contends that the magistrate abused his discretion in denying the motion and apparently seeks reversal of that decision.

Oliver's unadorned request for a transcript clearly did not establish the justification necessary for granting his motion. Nevertheless, given that Oliver is proceeding pro se on this appeal, we are not prepared to foreclose permanently all review of his remaining claims. Rather, we believe that the magistrate, who presided over the *Spears* hearing and trial, should consider the remaining claims presented in Oliver's appellate brief in light of the evidence and testimony presented below and make a determination as to whether the claims raise a substantial question justifying the costs of transcription. The proceedings may then be returned to this court for resolution of Oliver's remaining arguments.[2] If the magistrate determines a transcript should be made, we will consider the merits of Oliver's claims. If the magistrate concludes that the remaining claims do not present a substantial question, our review will be limited to determining whether the magistrate abused his discretion in so ruling. In the latter situation, our consideration of the issue will be expedited if we are provided a brief explanation of the justification for the ruling.

The judgment of the trial court is AFFIRMED IN PART, and the case is REMANDED for proceedings consistent with this opinion.

---

**2.** It will not be necessary to file a new notice of appeal.