Rom RHOME, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health & Human Services, Defendant–Appellee.

No. 92–2292.

United States Court of Appeals, Fifth Circuit.

June 4, 1992.

Donald D. Harvey, Jr., Dallas, Tex., for plaintiff-appellant.

Paula C. Offenhauser, Asst. U.S. Atty., Ronald G. Woods, U.S. Atty., Houston, Tex., for defendant-appellee.

Before HIGGINBOTHAM, DAVIS, and SMITH, Circuit Judges.

BY THE COURT:

This Court has a duty to determine *sua sponte* whether it has jurisdiction over any case before it. *See Morales v. Pan American Life Ins. Co.*, 914 F.2d 83, 85 (5th Cir.1990). We lack jurisdiction in the present case because the appeal was not taken to this Court.

Rom Rhome filed this action under 42 U.S.C. § 405(g) for review of a final decision of the Secretary of Health and Human Services denying his claim for Social Security retirement benefits under the Social Security Act. 42 U.S.C. § 402(a). Using a form provided by the district court, the parties executed a written consent pursuant to 28 U.S.C. § 636(c) to have the magistrate judge conduct the proceedings and enter judgment. The parties indicated that any appeal from the judgment would be to the appellate court under 28 U.S.C. § 636(c)(3); they did not sign the bottom portion of the form providing for appeal to the district judge under 28 U.S.C. § 636(c)(4). On June 27, 1991, the magistrate judge entered a final judgment dismissing the case with prejudice. On July 5, 1991, Rhome filed a notice of appeal to the district judge, citing § 636(c)(4). The notice of appeal was transmitted to this Court, but was returned undocketed by the Clerk of this Court. On November 26,

1991, the district judge entered an order in which he "denied" the appeal, stating that the parties had consented to appeal to the appellate court. In a motion served on December 18, 1991, and filed on December 20, 1991, Rhome requested reconsideration of the November 26 order, moving that the matter be reviewed by the district judge in lieu of the appellate court, and stating that the motion was unopposed. The district court has not ruled on the motion, and has apparently directed that the document be transmitted to this Court to be treated as a notice of appeal. We have permitted the December 20 document to be docketed in this Court in order to consider whether it, or the July 5 notice of appeal, invokes the jurisdiction of this Court.

Rule 3(c), Fed.R.App.P., requires, in pertinent part, that a notice of appeal name the court to which appeal is taken. In a case where the notice of appeal failed to name the court to which appeal was taken, we concluded that the appellant's intent to appeal to this Court was made manifest by the fact that this was the only court to which an appeal could be had. *See McLemore v. Landry*, 898 F.2d 996, 999 (5th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 428, 112 L.Ed.2d 412 (1990). We have treated notices of appeal which were transmitted here, but which named a court other than this Court, as though the appellant's intent was to appeal to this, the proper Court. *See, e.g., Wilkins v. Watson*, No. 92–2210 (5th Cir, May 5, 1992) (unpublished order). Accordingly, the procedure employed by the Clerk of this Court is to docket notices of appeal which name other courts if it appears that this is the only Court to which an appeal may be had.

In the present case, the July 5 notice of appeal named the district court as the court to which appeal was taken, and, as this Court had previously recognized that the parties could revoke their initial consent concerning a forum of appeal under § 636(c), the case was returned to the district court for disposition. In *Oliver v. Collins*, 904 F.2d 278 (5th Cir.1990), we were presented with the converse situation—appeal was taken to this Court under § 636(c)(3) despite the fact that the parties had executed a written consent in which they agreed that any appeal from the judgment of the magistrate judge would be taken to the district judge. We held that, since the appellees had failed to make an objection to this Court's exercise of appellate authority, we could entertain the appeal. We stated:

> Sections 636(c)(3)–(5) are "clearly directed toward creating alternative forums for appeal from magistrate [judge]s' judgments," leaving "the choice of forum to the parties." *Ridings v. Lane County, Or.*, 862 F.2d 231, 233 (9th Cir.1988). Thus, having initially consented to appeal to the district court, the parties to a proceeding subsequently could agree to revoke their consent and present their argument directly to the court of appeals. *See* C. Wright, A. Miller & E. Cooper, 15 Federal Practice and Procedure § 3901.1, at 21 (2d ed. 1990 Supp.). In such a case, neither party is prejudiced and the purpose of the statute—to give effect to the parties' choice of an appellate forum—is served.

*Id.*, 904 F.2d at 280. We now make clear that, absent a timely objection from appellee, the district judge has the authority to entertain the appeal from an order or judgment of the magistrate judge, even though the parties have signed a consent form indicating that any appeal is to be taken to the court of appeals. In so doing, we reject the contrary conclusion reached by the Third Circuit in *Freeman v. Petsock*, 820 F.2d 628, 630–31 (3d Cir.1987), where it was held that appeal had to be taken to the court of appeals under § 636(c)(3), and that the district judge's appellate decision had to be vacated, since not all of the parties had executed a consent providing for appeal to the district judge; the holding in *Freeman* is based on the conclusion that the parties' consent is a nonwaivable jurisdictional bar, a rationale we considered and refused to accept in *Oliver*. 904 F.2d at 280 & n. 1. *See also Ridings v. Lane County, Or.*, 862 F.2d 231, 233 (9th Cir. 1988). Jurisdiction vests at the point that no timely objection is made to the district court's exercise of appellate authority.

■ Based on the foregoing, we further conclude that Rhome's December 18 motion should not have been transmitted to this Court to be treated as a notice of appeal. We allowed the matter to be docketed in order to end a stalemate between the Clerk's Office of the district court, which was under directions to transmit the appeal, and the Clerk's Office of this Court, which was following a procedure that required it to return the notice of appeal. Having resolved that matter, we now order that the present appeal be dismissed as improvidently docketed because appeal was not taken to this Court.

We note that Rhome has not appealed the November 26 order of the district judge "denying" the appeal. We nevertheless presume that the district judge will consider our reasoning herein when ruling on Rhome's motion for reconsideration.

APPEAL DISMISSED.