IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40112
Conference Calendar
_____


ERIC ANTONIO HOWARD,

                                        Plaintiff-Appellant,

versus

TIM TAYLOR,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:94-CV-117
- - - - - - - - - -
June 30, 1995


Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

      Appellant Eric Antonio Howard appeals the district court's

dismissal of his civil rights action against Tim Taylor, county

attorney for Titus County, Texas, as frivolous.  Howard argues

that Taylor failed to perform his duty under article 2.03(a) of

the Texas Code of Criminal Procedure when he refused to present

before the grand jury evidence of wrongdoing by other officers.

      Prosecutors are immune from § 1983 suits for acts that are

within the scope of their prosecutorial duties.  Imbler v.

      [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Pachtman, 424 U.S. 409, 431 (1976).  Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution.  Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980); McGruder v. Necaise, 733 F.2d 1146, 1148 (5th Cir. 1984).  Quasi-judicial conduct, such as a prosecutor's decision whether to file criminal charges, is also immune.  Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990); Chrissy F. v. Mississippi Dep't of Pub. Welfare, 925 F.2d 844, 850 (5th Cir. 1992).

The prosecutor's duty to present by information evidence of neglect is not distinct from or independent of his decision to file criminal charges.  Because that decision falls within his scope of prosecutorial duties, he is absolutely immune from liability.

Although neither absolute nor qualified immunity extends to suits for injunctive or declaratory relief, Chrissy F., 925 F.2d at 849, Howard is not entitled to such relief because there is no constitutionally protected right to have any other person criminally prosecuted.  Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988).  Accordingly, the district court did not abuse its discretion in dismissing Howard's complaint, and its judgment is AFFIRMED.