116 F.3d 187
 Bobby DARNELL, Plaintiff-Appellee,
v.
John ROSSEN, individually and as Chief of Police in the
Police Department of the City of Clarksville; Daniel
Brewer, individually and as Sgt., Supervisor in the Police
Department of the City of Clarksville; City of Clarksville,
a municipal corporation, Defendants,
Michael Caver, individually and as police officer in the
Police Department of the City of Clarksville,
Defendant-Appellant.
 No. 97-5297.
 United States Court of Appeals,
Sixth Circuit.
 Decided June 25, 1997.
 
 Before: KENNEDY, GUY and MOORE, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 Defendant Michael Caver ("Caver") appeals an order of a magistrate judge in this civil rights action denying, in part, his motion for summary judgment on the grounds of qualified immunity. On April 14, 1997, the clerk of this court entered an order directing Caver to show cause why his appeal should not be dismissed because the parties to the action had agreed that any appeal from the magistrate judge's rulings would lie with the district court. Caver filed a response, and the issue is now before the court.
 
 
 2
 This is a civil rights action in which the plaintiff alleged the defendants violated various of his constitutional rights during an arrest. On March 11, 1996, the district court entered the following order:
 
 
 3
 The parties have consented to have a United States Magistrate Judge conduct any and all further proceedings in the above-named civil action, including entry of final judgment, as provided in 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure.
 
 
 4
 It is, therefore, ORDERED that this civil action is referred to a United States Magistrate Judge for all further proceedings, including entry of final judgment.
 
 
 5
 The parties have consented to appeal on the record to a District Judge and, therefore, it is ORDERED that any appeal taken by either party shall be to the District Judge as provided in 28 U.S.C. § 636(c)(4) and Rule 73(d).
 
 
 6
 It is so ORDERED.
 
 
 7
 On February 19, 1997, the magistrate judge filed an order rejecting, in part, defendant Caver's claim of qualified immunity. On March 5, 1997, Caver filed a notice of appeal, stating, with specific reference to the March 11, 1996 order, that the appeal was to the district court. On the following day, however, Caver filed an amended notice of appeal stating the appeal was to this court. The amended notice, which made no reference to the March 11, 1996 order, resulted in the present appeal. The issue before us is whether, in light of the March 11, 1996 order, this court has jurisdiction over the appeal.
 
 
 8
 Since 1979, parties in a civil action can consent to have all proceedings, including the entry of final judgment, conducted by a magistrate judge. 28 U.S.C. § 636(c)(1). Although appeals normally lie with the court of appeals, the parties could, at the time this action was filed, agree that an appeal would lie instead with the district court. See 28 U.S.C. § 636(c)(4) (West 1996) (repealed Pub.L. 104-317, § 207 (Oct. 19, 1996)). Thereafter, a further appeal to the court of appeals was available only if one of the parties petitioned for leave to appeal the resultant decision of the district court and consent was granted by the court of appeals. See 28 U.S.C. § 636(c)(5) (West 1996) (repealed Pub.L. 104-317, § 207 (Oct. 19, 1996)). An attempt to appeal the magistrate judge's order or judgment directly to this court (thus bypassing the district court) would, under these circumstances, result in dismissal of the appeal. See Stull v. Secretary, 749 F.2d 9, 10-11 (6th Cir.1984) (per curiam).
 
 
 9
 Congress, however, eliminated the option of an appeal to the district court in the Federal Courts Improvement Act of 1996, Pub.L. 104-317, § 207, 104 Stat. 3847 (Oct. 19, 1996). As a result of that legislation, an appeal from an order or judgment entered by a magistrate judge under § 636(c)(1) is now appealable only to a court of appeals. 28 U.S.C. 636(c)(3) (West 1997). See generally 14 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 73App.104 (3d ed.1997). Because this change is solely jurisdictional in nature and "takes away no substantive right but simply changes the tribunal that is to hear the case," Landgraf v. USI Film Products, 511 U.S. 244, 274, 114 S.Ct. 1483, 1501 (1994), quoting Hallowell v. Commons, 239 U.S. 506, 508, 36 S.Ct. 202, 203, 60 L.Ed. 409 (1916), we conclude it is applicable to all cases pending before a magistrate judge under § 636(c)(1) at the time of the effective date of the new legislation. See Figueroa-Rubio v. INS, 108 F.3d 110, 112 (6th Cir.1997) (newly enacted statute eliminating appellate jurisdiction applied to petition for review pending at time of effective date of statute); Qasguargis v. INS, 91 F.3d 788, 789-90 (6th Cir.1996) (order), cert. denied, --- U.S. ----, 117 S.Ct. 1080, 137 L.Ed.2d 215 (1997) (same result where petition for review was filed eight days after effective date of statute). At the time the magistrate judge entered the order being appealed, therefore, the sole proper appellate forum was this court. The prior designation of the district court as the appellate forum, although properly entered into by the parties at the time of its entry, had been superseded by the 1996 legislation and was of no further effect. Caver properly amended his notice of appeal to reflect that change.
 
 
 10
 The show cause order of April 14, 1997 is withdrawn and this appeal is restored to the active docket of the court. The clerk shall initiate regular briefing procedures.[1]
 
 
 
 [1]
 We note that the only issue before the court at this time concerns the proper appellate forum for Caver's appeal. We do not address any jurisdictional issues that could arise under Johnson v. Jones, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995)