Murphy Martin COMARDELLE

v.

Pollis "Pookie" HERNANDEZ.

Civil Action No. 98–679.

United States District Court, E.D. Louisiana.

Sept. 22, 1998.

---

Leo Joseph Palazzo, New Orleans, LA, for Plaintiff.

Ralph R. Alexis, III, Porteous, Hainkel, Johnson & Sarpy, New Orleans, LA, for Defendant.

## ORDER AND REASONS

MENTZ, District Judge.

Plaintiff Murphy Martin Comardelle filed this lawsuit on behalf of his minor children against Pollis Hernandez a/61k/61a "Pookie" Hernandez, Harry Dempster, Greg Champagne as the St. Charles Parish Sheriff, Harry J. Morel as District Attorney for St. Charles Parish, and Kurt Sins as Assistant District Attorney for St. Charles Parish.[1] Comardelle alleges that Hernandez with the assistance of Dempster murdered Comardelle's ex-wife, Donna Comardelle Hernandez, the mother of Comardelle's minor children and the estranged wife of Hernandez. Comardelle further alleges that defendants Morel and Sins intentionally and negligently declined to prosecute Hernandez for multiple crimes which allowed him to be free to commit the murder of plaintiff's ex-wife. Comardelle alleges that Morel and Sins acted out of inappropriate personal and political reasons. Comardelle seeks relief against all defendants under 42 U.S.C. § 1983 for civil rights violations of constitutional and federal laws, and the Violence Against Women Act (VAWA), 42 U.S.C. § 13981.

Before the court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by defendants Morel and Sins, in their respective capacities as District Attorney and Assistant District Attorney for the Parish of St. Charles.

Federal Rule of Civil Procedure 12(b)(6) allows the court to dismiss a complaint that fails to state a claim upon which relief can be granted. Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short, plain statement of the claim showing that the

---

1. Plaintiff dismissed defendants the St. Charles District Attorney's Office and the St. Charles Parish Sheriff's Office. *See* Rec. Doc. 9.

pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A pleading which fails to meet this liberal standard is subject to dismissal under Rule 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept as true all allegations in the complaint and must give the benefit of every favorable inference that can be drawn from those allegations to the non-moving party. *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 109, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979) (quoting *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). A dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### A.

■ The VAWA makes a "crime of violence motivated by gender" actionable for compensatory damages and other relief. 42 U.S.C. § 13981(c).[2] Comardelle has failed to state a claim for relief against Morel and Sins under this statute.

Section 13981(d)(1) defines the phrase "crime of violence motivated by gender" as: "a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender...." The Act defines a "crime of violence" as:

> an act or series of acts that would constitute a felony against the person ... if the conduct presents a serious risk of physical injury to another, and that would come within the meaning of State or Federal offenses described in section 16 of Title 18, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction....

§ 13981(d)(2)(A). Section 16 defines a "crime of violence" in relevant part as an "offense that is a felony and that, by its nature, involves a substantial risk that physi-

cal force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

The complaint contains no allegation that either Morel or Sins committed a crime of violence as defined by § 13981. The allegedly actionable conduct of Morel and Sins is their failure to prosecute "Pookie" Hernandez for prior crimes, thereby enabling Hernandez to murder his wife. The only parties allegedly involved in the murder are defendants Hernandez and Dempster. There is no allegation that Morel and Sins committed a "crime of violence" themselves.

### B.

It does not appear from the complaint that Morel and Sins have been sued under section 1983 in their individual capacities. The complaint states at paragraph XIX that the plaintiff seeks relief under section 1983 against "the named defendants as government officers." The complaint repeatedly refers to them in their official capacities.

■ Even if the complaint were read to Sue Morel and Sins in both their individual and official capacities, they are entitled to absolute immunity in their individual capacities for "acts that are an integral part of the judicial process." *Oliver v. Collins,* 904 F.2d 278, 281 (5th Cir.1990). "The decision to file or not to file criminal charges falls within this category of acts that will not give rise to section 1983 liability." *Id.* Accordingly, the court will dismiss any and all claims under section 1983 against Morel and Sins in their individual capacities.

### C.

■ The issue of immunity of Morel and Sins in their official capacities turns on whether they are arms of the state for purposes of Eleventh Amendment sovereign immunity. The Eleventh Amendment bars actions in federal court against a state or state agency unless the state has consented to be

---

2. Section 13981(c) provides:
 A person (including a person who acts under cover of any statute, ordinance, regulation, custom, or usage of any State) who commits a crime of violence motivated by gender and thus deprives another of the right declared in subsection (b) of this section shall be liable to party injured, in an action for the recovery of compensatory and punitive damages, injunctive and declaratory relief, and such other relief as a court may deem appropriate.

sued. U.S. Const. amend. XI; *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 910, 79 L.Ed.2d 67 (1984).

Plaintiff has alleged facts sufficient to state a claim for section 1983 liability against Morel and Sins if the St. Charles Parish District Attorney's Office does not have Eleventh Amendment immunity. The Fifth Circuit has not directly addressed whether Louisiana district attorneys are arms of the state and entitled to Eleventh Amendment immunity. The issue is currently on appeal in the case of *Hudson v. Hughes*, 1997 WL 618336 (E.D.La. Sept.29, 1997), and is scheduled for oral argument before the Fifth Circuit the week of November 2, 1998, *Hudson v. Hughes*, No. 96–30964.

Accordingly,

IT IS ORDERED that the defendants' Harry J. Morel and Kurt Sins Motion To Dismiss Alternatively, For A More Definite Statement is **GRANTED IN PART** and **DENIED IN PART**, as follows:

(1) Plaintiff's claims under 42 U.S.C. § 13981 against defendants Harry J. Morel and Kurt Sins are **DISMISSED.**

(2) Plaintiff's claims against defendants Harry J. Morel and Kurt Sins in their individual capacities under 42 U.S.C. § 1983 are **DISMISSED.**

(3) Plaintiff's claims against defendants Harry J. Morel and Kurt Sins in their official capacities under 42 U.S.C. § 1983 shall not be dismissed at this time. Defendants may refile their motion to dismiss the official capacity claims under § 1983 after the Fifth Circuit decides the appeal *Hudson v. Hughes*, No. 96–30964.

New Orleans, Louisiana this 22d day of September, 1998.