IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40591
Summary Calendar
_____

PERCY W. RASPBERRY,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
ROBERT HERRERA, Assistant Warden, Michael Unit;
EDWIN KEITH ATCHISON, Lieutenant, Michael Unit;
JAMES D. TIPPEN, Correctional Officer III,
Michael Unit; WILLIAM DANIELS, Captain/Major,
Texas Department of Criminal Justice - Institutional
Division; WILLIAM R. WATTS, Captain, Michael Unit;
VERNON ALLEN; LEON GUINN; CATHERINE GAIL MAYES,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CV-185
- - - - - - - - - -
November 29, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

     Percy Raspberry, Texas prisoner # 423151, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint.
Raspberry alleged that he was a victim of excessive use of force
and related constitutional violations that arose out of a "chow
hall" incident and an ensuing prison riot.  Several defendants,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and all claims except for the excessive-force claim, were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii). The magistrate judge conducted a 28 U.S.C. § 636(b)(1)(B) trial on the merits for Raspberry's excessive-force. The excessive-force claim was dismissed with prejudice by the district court.

Raspberry argues that the magistrate judge erred when she conducted a bench trial despite a timely jury demand. He also asserts that he did not consent to the magistrate judge conducting the proceedings. Raspberry did not serve the defendants with his jury demand as required by Fed. R. Civ. P. 38(b). Consequently, he waived his right to a jury trial. *See* Fed. R. Civ. P. 38(d); *See Houston N. Hosp. Prop. v. Telco Leasing, Inc.*, 688 F.2d 408, 410 (5th Cir. 1982). Contrary to Raspberry's assertion, the magistrate judge was not required to obtain Raspberry's consent to conduct a 28 U.S.C. § 636(b)(1)(B) hearing. *See Sockwell v. Phelps*, 906 F.2d 1096, 1097 (5th Cir. 1990).

Raspberry argues that the district court erred when it dismissed the claim that defendant Gary Johnson should be held liable for injuries caused by prison employees because Johnson failed to supervise employees and failed to respond to and investigate Raspberry's complaints of excessive force. Recovery pursuant to a respondeat-superior or vicarious-liability theory is not available under § 1983. *Baskin v. Parker*, 602 F.2d 1205, 1207-08 (5th Cir. 1979). Moreover, the alleged failure to investigate complaints and to take action in response to them

does not provide a basis for a civil rights action. *See Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990).

Raspberry contends that the district court erred when it denied his excessive-force claim because it should have concluded that there existed a genuine issue of material fact. Raspberry is confused about the procedural posture of his case. It was not dismissed on a summary-judgment motion. Rather, Raspberry's excessive-force claim proceeded to a trial on the merits. He has failed to address whether the district court's findings of fact were clearly erroneous, nor has he identified a legal error committed by the district court during the bench trial. *See Canal Barge Co., Inc. v. Torco Oil Co.*, 220 F.2d 370, 375 (5th Cir. 2000).

Raspberry contends that he was denied medical treatment for his injured hand and bruised head. He failed to allege either a serious medical condition or deliberate indifference to a serious medical condition. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001). He concedes that the injuries healed on their own, he did not suffer any broken bones in his hand, and he was examined by medical personnel for his injuries.

Raspberry argues that he was subjected to retaliation and racial epithets during an interrogation. His retaliation argument on appeal is really a part of his excessive-force claim. Standing alone, his allegations of racial epithets fails to state an equal-protection claim. *See Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999)(holding that mere verbal harassment,

including use of racially derogatory terms, inadequate to state equal-protection claim).

Raspberry asserts that the prison's Internal Affairs Division failed to investigate the use of force incident as required by state law and prison regulations. His assertion that the Internal Affairs Division failed to follow established prison policies is inadequate to state a cause of action. *See Edwards v. Johnson*, 209 F.3d 772, 779 (5th Cir. 2000). Likewise, his allegations that the Internal Affairs Division failed to conduct an investigation is insufficient to state a 42 U.S.C. § 1983 claim. *See Oliver*, 904 F.2d at 281.

Raspberry has failed to demonstrate that the district court erred when it denied his excessive-force claim on the merits. The district court properly dismissed Raspberry's remaining constitutional claims as either frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii). Accordingly, the district court's judgment is AFFIRMED.