IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10505
Summary Calendar
_____

RODDIE D. TAVE,

                                        Plaintiff-Appellant,

versus

R.D. ABBOTT, Detective; TARRANT
COUNTY FUGITIVE SQUAD FORT WORTH
TEXAS EASTERN DIVISION FORT WORTH
POLICE DEPARTMENT; TARRANT COUNTY
SHERIFF'S DEPARTMENT,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CV-1162-Y
--------------------
January 14, 2002
Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

     Roddie D. Tave, Texas prisoner #608123, appeals the
dismissal of his 42 U.S.C. § 1983 claims against Detective R.D.
Abbott, the Tarrant County Sheriff's Department, and the Tarrant
County Fugitive Squad in Fort Worth, Texas.  Tave's motion for
leave to correct the reply brief and motion to file reply brief
in excess of the page limitation are granted.

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court granted the City of Fort Worth's motion to dismiss, filed on behalf of the Fugitive Squad, because of lack of proper service and dismissed the claims against the City without prejudice. The district court did not abuse its discretion in so doing as Tave did not effect proper service under FED. R. CIV. P. 4(j)(2) and TEX. CIV. PRAC. & REM. § 17.024(b). See Traina v. United States, 911 F.2d 1155, 1157 (5th Cir. 1990); System Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

Consideration of Tave's affidavit filed in response to Abbott's motion for summary judgment along with Tave's complaint and more definite statement in the light most favorable to Tave reveals that Abbott is entitled to summary judgment. Tave's claims against Abbott relating to his alleged warrantless arrest and to a conspiracy between Abbott and a police informant are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Tave has not established a claim for excessive use of force at his arrest. Spann v. Rainey, 987 F.2d 1110, 1115 (5th Cir. 1993). Tave's allegation that he was subjected to a racial epithet fails to state a constitutional claim. See Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999), clarified on reh'g on other grounds, 186 F.3d 633 (5th Cir. 1999). Finally, Tave has not offered any evidence to show that Abbott was responsible for the actions of other officers. See Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990).

Tave has not established that any official policy or custom of Tarrant County caused him a constitutional deprivation.

Dismissal of the claims against Tarrant County is appropriate.
See <u>Piotrowski v. City of Houston</u>, 51 F.3d 512, 517 (5th Cir.
1995).

The judgment of the district court is AFFIRMED.  The motion
to correct the reply brief and the motion to file reply brief in
excess of the page limitation are GRANTED.