IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60904
Conference Calendar

_____

DESHON SANDERS,

                              Plaintiff-Appellant,

versus

U.S. JUSTICE COURT OF SUNFLOWER COUNTY; ROBERT L. JOHNSON,
MISSISSIPPI DEPARTMENT OF CORRECTIONS, Commissioner;
FRANK L. MCWILLIAMS, Attorney at Law; JOHN BURRELL,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:00-CV-337-D-B
--------------------
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Deshon Sanders, Mississippi prisoner # 84225, appeals the
district court's dismissal of his 42 U.S.C. § 1983 action for
failure to state a claim upon which relief may be granted.
Sanders' motion for appointment of counsel is DENIED.  Sanders
argues that Judge Burrell and prosecutor McWilliams violated
their duties, thereby taking themselves outside the scope of

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

immunity, by failing to bring criminal charges against the individuals who allegedly assaulted him.[**]

A 28 U.S.C. § 1915(e)(2)(B)(ii) dismissal for failure to state a claim is reviewed under the same *de novo* standard as a dismissal under FED. R. CIV. P. 12(b)(6).  Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998).

Judicial officers are entitled to absolute immunity from damage claims under 42 U.S.C. § 1983 arising out of acts performed in the exercise of their judicial functions.  Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993). "[J]udicial immunity is not overcome by allegations of bad faith or malice."  Mireles v. Waco, 502 U.S. 9, 11 (1991).  A judge is not deprived of immunity because the action taken was in error.  Id. at 12-13.  A judge's immunity is overcome only for actions not taken in the judge's judicial capacity or action taken in complete absence of all jurisdiction.  Id. at 11-12.  Sanders does not identify any facts which would overcome Judge Burrell's judicial immunity.  The district court correctly dismissed Sanders' claim against Judge Burrell based on absolute judicial immunity.

A criminal prosecutor is immune from civil suit for damages under 42 U.S.C. § 1983 in presenting the state's case.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  "The decision to file or not file criminal charges falls within this category of acts that

---

[**]  Sanders does not address his claim for injunctive relief on appeal, and it is considered abandoned.  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

will not give rise to section 1983 liability." Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990) (dismissing prisoner's 42 U.S.C. § 1983 claim against sheriff for failure to press charges against correctional officers involved in an alleged assault). The district court correctly dismissed Sanders' claim against prosecutor McWilliams.

Sanders' appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. Sanders is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal for failure to state a claim upon which relief may be granted. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)]."). We caution Sanders that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; MOTION DENIED.