IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40280
Summary Calendar
_____

WILLIE LEE HASKINS,

                    Plaintiff-Appellant-Cross-Appellee,

versus

MARY CHOATE, Sheriff, et al.,

                    Defendants,

MARY CHOATE, Sheriff; BOWIE COUNTY SHERIFF'S DEPARTMENT,

                    Defendants-Appellees-Cross-Appellants,

ROGER WISE, Medical Services,

                    Defendant-Appellee.

--------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-183
--------------------
December 3, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Willie Lee Haskins appeals the summary dismissal with
prejudice of his 42 U.S.C. § 1983 complaint alleging deliberate
indifference to his requests for medical attention pertaining to

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his two suicide attempts. Haskins argues that the fact that he was housed in a "suicide" cell should have been a warning sign to Roger Wise, the medical supervisor, and that he swore in his complaint that he spoke directly to Wise requesting pain medication and mental-health assistance. He further contends that even if Wise was not directly responsible, he is responsible as the "County Sheriff." This court reviews the grant of summary judgment de novo. See Tolson v. Avondale Indus., Inc., 141 F.3d 604, 608 (5th Cir. 1998).

To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Supervisory officials are not liable for the actions of subordinates on a theory of vicarious liability or respondeat superior. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).

First, the court notes that Wise is not the "County Sheriff." Wise demonstrated that his duties were primarily administrative, with no direct medical responsibility for Haskins. After his first suicide attempt, Haskins was placed in a holding cell and watched by employees other than Wise.

Moreover, the medical orders received by the facility after Haskins's first suicide attempt reflected that the medical opinion regarding Haskins's need for psychological assistance was questionable. Haskins's conclusional allegations do not establish a genuine issue of material fact. See Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990).

Haskins's brief addresses only his claims against Wise, and he has waived any argument against the grant of summary judgment in favor of Choate and the Sheriff's Department. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

Haskins also contends that the district court erred in dismissing his claims without allowing discovery. Haskins's only request for further discovery was contained in his objections to the magistrate judge's report and recommendation. If the nonmoving party has not diligently pursued discovery, the court need not accommodate the belated request. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1267 (5th Cir. 1991). Moreover, on appeal, Haskins does not demonstrate that additional discovery would have allowed him to show the existence of a genuine issue of material fact.

He also states in his brief that he was not given the opportunity to argue against the motion for summary judgment against him. Haskins's offers no evidence for, and the record does not support, this assertion. The judgment of the district court is AFFIRMED.