United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-10984
Conference Calendar

BOBBY WATSON,

                                        Plaintiff-Appellant,

versus

B.J. WINBORN,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:02-CV-13
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Bobby Watson ("Watson"), Texas state prisoner #581473, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim upon which relief could be granted. See 28 U.S.C. § 1915(e)(2). Watson argues that the district court erred in dismissing his complaint because the evidence established that Correctional Officer B.J. Winborn violated prison procedures when he made sexual advances and racial slurs directed toward Watson.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not err in determining that Watson's claims were not actionable under 42 U.S.C. § 1983 because verbal threats, name calling, and threatening gestures by prison guards do not amount to a constitutional violation.  See Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002); Robertson v. Plano City of Texas, 70 F.3d 21, 24 (5th Cir. 1995).  Watson's contention that Winborn should have been prosecuted for his behavior is not actionable under 42 U.S.C. § 1983.  See Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990).  Finally, Watson's contention that Winborn failed to follow prison regulations lacks merit because a state's failure to follow its own procedural regulations does not establish a constitutional violation.  See Jackson v. Cain, 864 F.2d 1235, 1251-52 (5th Cir. 1989).

Watson's appeal is without arguable merit and is dismissed as frivolous.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The dismissal of the appeal as frivolous and the district court's dismissal of Watson's 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim each count as a "strike" under the three-strikes provision of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Watson is CAUTIONED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any

facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.