**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 11-31104
Summary Calendar

August 10, 2012

Lyle W. Cayce
Clerk

DELTA FUEL COMPANY, INCORPORATED,

Plaintiff - Appellant

v.

RANDY J MAXWELL, in his official capacity as Sheriff, Concordia Parish; SHERIFF'S OFFICE OF CONCORDIA PARISH; BRADLEY R. BURGET, in his official capacity as District Attorney, Concordia Parish; DISTRICT ATTORNEY OFFICE CONCORDIA PARISH; LOUISIANA DEPARTMENT OF JUSTICE; JAMES D. CALDWELL, in his official capacity as Attorney General, State of Louisiana,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-1337

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Delta Fuel Company, Inc. ("Delta") brought suit against Randy J. Maxwell,

Concordia Parish Sheriff; Bradley J. Burget, Concordia Parish District Attorney;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Concordia Parish District Attorney's Office; the Louisiana Department of Justice; and James D. Caldwell, the Attorney General of the State of Louisiana. Delta's complaint purported to bring suit pursuant to 42 U.S.C. §§ 1983 and 1985 and included a federal equal protection claim, a state law claim for wrongful conversion, a claim entitled "State Law Wrongful Conversion: The § 1983 Action," and a claim for punitive damages. Delta alleged that the defendants individually and as co-conspirators violated its clearly established rights to protect its property, to access the courts, and to be treated equally under the law. Its claims were based on the state's dismissal of criminal charges against Barry Maxwell, a former Delta employee, following the state trial judge's rejection of a plea deal. The defendants moved to dismiss Delta's complaint pursuant to FED. R. CIV. P. 12(b)(6).

The defendants' motions to dismiss were referred to Magistrate Judge James D. Kirk. The magistrate judge agreed that Delta's complaint failed to state a claim upon which relief could be granted.[1] In his Report and Recommendation, the magistrate judge found: (1) that the Concordia Parish Sheriff's Department was not a legal entity capable of being sued;[2] (2) that the Concordia Parish District Attorney's Office was not a person capable of being sued under § 1983 and that Louisiana law did not permit the District Attorney's Office to be sued in its own name;[3] (3) that the claim against Burget was based on his recusal in the criminal case against Barry Maxwell and that, because the recusal was done in Burget's role as district attorney, Burget was entitled to

---

[1] *See* FED. R. CIV. P. 12(b)(6).

[2] *See, e.g.*, *Valentine v. Bonneville Ins. Co.*, 691 So. 2d 665, 668 (La. 1997) ("The law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff.").

[3] *See Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir. 1999).

absolute prosecutorial immunity;[4] (4) that Caldwell was entitled to Eleventh Amendment immunity as a state official acting in his official capacity and to absolute prosecutorial immunity for his decision to dismiss criminal charges against Barry Maxwell;[5] (5) that the Louisiana Department of Justice, a state agency, was not a "person" for purposes of § 1983 and that it was an arm of the state entitled to Eleventh Amendment sovereign immunity;[6] and (6) that Delta failed to state a cognizable conspiracy claim or claim of deprivation of a civil right under § 1983 and had not and could not set forth facts establishing a conspiracy or violation of constitutional rights under § 1985.  The district court adopted the magistrate judge's report and recommendations in full and entered judgment for the defendants.

We find no error in the magistrate judge's recommendations, as adopted by the district court.

AFFIRMED.

---

[4] *Imbler v. Pachtman*, 424 U.S. 409, 428 (1976) ("We conclude that the considerations outlined above dictate the same absolute immunity under § 1983 that the prosecutor enjoys at common law."); *id.* at 431 n.33 ("We recognize that the duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom.").

[5] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (explaining that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and that such state official is thus protected by Eleventh Amendment sovereign immunity); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) ("'[P]rosecutors are immune from liability in suits under § 1983 for acts that are an integral part of the judicial process.'" (citation omitted)).

[6] *See Will*, 491 U.S. at 71.