# United States Court of Appeals for the Fifth Circuit

—————————

No. 24-40169
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2024

Lyle W. Cayce
Clerk

Masika Brown Ray,

*Plaintiff—Appellant*,

*versus*

Anthony Boone, *Chief*; Maxey Cerliano, *Sheriff*; City of Longview, Texas; Kyle Tucker, *Officer*; Leslie Sheridan, *Officer*; Luke Altman, *Sergeant*; Julia Rhyner, *CPS caseworker*; Jennifer Stout, *CPS caseworker*; Mallory Waugh-Brown, *CPS supervisor*; Texas Department of Family and Protective Services; State of Texas; Gregg County, Texas,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:23-CV-46

———————————————————————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

——————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40169

Masika Brown Ray, proceeding *pro se* in district court and on appeal, challenges the Rule 12(b)(6) dismissal of her civil-rights action under 42 U.S.C. § 1983. *See* Fed. R. Civ. P. 12(b)(6) (dismissal for failure to state claim). In her third amended complaint, Ray claimed constitutional violations by various defendants related to her arrest, detention, and subsequent family-court proceedings, and largely restates the same on appeal.

Review of Rule 12(b)(6) dismissals is *de novo*. *E.g.*, *Romero v. City of Grapevine, Texas*, 888 F.3d 170, 176 (5th Cir. 2018). The complaint must contain "enough facts to state a claim to relief that is plausible on its face". *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The court accepts all well-pleaded facts as true and must consider those facts in the light most favorable to the plaintiff." *Romero*, 888 F.3d at 176. Although our court construes *pro se* pleadings liberally, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief". *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (citations omitted). For the reasons that follow, the district court properly dismissed the complaint.

In its detailed order granting dismissal under Rule 12(b)(6), the court correctly noted that several of the named defendants were not subject to suit. Our court has held that, under Texas law, a county or municipal department is a non-jural entity, meaning it cannot be sued directly. *E.g.*, *Darby v. Pasadena Police Dep't.*, 939 F.2d 311, 313–14 (5th Cir. 1991) (explaining city department must "enjoy a separate legal existence" to be sued). Additionally, the State of Texas is entitled to immunity under the Eleventh Amendment. *E.g.*, *Quern v. Jordan*, 440 U.S. 332, 339–40 (1979) ("State[s] [cannot] be joined as a defendant without violating the Eleventh Amendment[.]").

Next, the district court concluded that many of Ray's claims did not state a viable claim under § 1983. Section 1983 does not create substantive rights; rather, it "provides a remedy for the rights that it designates". *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citations omitted); *see also Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (claim raised in action under § 1983 that is unrelated to constitutional violation "presents nothing for review"). Ray not only failed to connect many of her claims to a constitutional violation, but she also failed to allege specific facts even when she did claim constitutional violations (*e.g.*, Ray's merely asserting "defendants' discriminatory and harsh treatment" violated her constitutional rights is insufficient to state a claim under *Twombly*).

Finally, the court concluded Ray did not allege the personal involvement of any of the named defendants in a constitutional violation. "Personal involvement is an essential element of demonstrating liability under § 1983." *Tuttle v. Sepolio*, 68 F.4th 969, 975 (5th Cir. 2023) (citations omitted). A plaintiff must "specify the personal involvement of each defendant . . . [and] cannot make generalized allegations, nor can [she] support a claim based on any vicarious liability theory". *Murphy v. Kellar*, 950 F.2d 290, 292 n.7 (5th Cir. 1992). For every allegation that could potentially support a claim under § 1983, Ray groups all defendants together and simply refers to a potentially liable party as "defendants". For example, despite Ray's allegations regarding police brutality and her naming three individual police officers as defendants, she did not plead any facts related to those officers' role in her arrest. To the extent she alleges the personal involvement of *any* of the defendants, the claims are unrelated to constitutional violations (*e.g.*, alleging Child Protective Services employee filed false affidavit in family court).

Insofar as her allegations implicate theories of *respondeat superior* or vicarious liability for institutional defendants, they fail to state a claim. As

No. 24-40169

noted *supra*, vicarious liability does not apply to claims under § 1983. *E.g.*, *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990); *Murphy*, 950 F.2d at 292 n.7. To establish supervisory liability under § 1983, Ray must show some degree of personal involvement by the supervisor, alleging that the supervisor either "affirmatively participates in the acts that cause the constitutional deprivation, or . . . implements unconstitutional policies that causally result in the constitutional injury". *Pena v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018) (citations omitted). Ray alleged neither.

AFFIRMED.