IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50360
Summary Calendar
_____

MICHAEL IDROGO, Individually
and as Lieutenant Commander
Idrogo,

Plaintiff-Appellant,

versus

DAVID J. GARCIA, District Clerk,
Individually and as District Clerk
of Bexar County, Texas, et al.

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CV-1029
- - - - - - - - - -
November 27, 1998

Before EMILIO M. GARZA, DEMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

IT IS ORDERED that Michael Idrogo's motion for leave to proceed in forma pauperis (IFP) is DENIED, because his appeal lacks arguable merit and is therefore frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). In ruling on the motion, this court has examined Idrogo's motion and brief in the light most favorable to him and has reviewed the record for any basis to support granting him relief on appeal. Because we have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concluded on this review that the appeal is frivolous, IT IS FURTHER ORDERED that the appeal is DISMISSED. See 5TH CIR. R. 42.2.

To be granted leave to appeal IFP, Idrogo would have to demonstrate that he is impecunious and that he will present a nonfrivolous issue on appeal. Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982). An action is frivolous under 28 U.S.C. § 1915 "if it lacks an arguable basis in law or fact." Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

In his second amended complaint, Idrogo alleged claims against his former wife, Wendolyn Bohn (Bohn); David J. Garcia, Clerk of the District Courts of Bexar County, Texas; Texas state District Judges Andy Mireles, Carol Haberman, Martha B. Tanner, and Richard Garcia; and the unnamed persons who comprise Child Support URESA Unit 212 in San Antonio, of the Office of the Attorney General of Texas. Idrogo alleged claims under 42 U.S.C. §§ 1981 and 1983 and other authorities in this complaint, which the court permitted him to file in lieu of a more definite statement.

The federal district court informed the parties that Clerk Garcia's answer would be treated as a motion for summary judgment filed on behalf of all of the defendants. All of the defendants except Bohn then filed affidavits, and Idrogo filed his own affidavit in opposition to the motion. The district court granted summary judgment to all of the defendants, on grounds

that Idrogo's affidavit failed to state specific facts which show the existence of a genuine dispute, and failed to relate facts to the applicable law.

Summary judgment is proper if the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  This court "may affirm a district court's ruling on summary judgment based on any legally sufficient ground, even one not relied upon by the district court."  Jones v. Sheehan, Young & Culp, 82 F.3d 1334, 1337 (5th Cir. 1996).

Idrogo's principal claims are (1) that the appellees discriminated against him because he is Hispanic; (2) that he is entitled to have the divorce decree and child-support orders set aside; and (3) that he is entitled to have Bohn prosecuted for the crimes which she allegedly has committed.  The third contention clearly lacks merit.  Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990).

All of the defendants (except Bohn) refuted Idrogo's conclusional allegations of racial discrimination in their summary-judgment affidavits.  Thus, he is not entitled to relief from the affiants on authority of 42 U.S.C. § 1981.

Idrogo complains of acts or omissions of the defendant judges which allegedly occurred in the exercise of their judicial functions.  These defendants have absolute immunity from suit and from liability for damages relative to such claims.  See Stump v.

Sparkman, 435 U.S. 349, 356-57 (1978); Hale v. Harney, 786 F.2d 688, 690-91 (5th Cir. 1986). Idrogo's claim that Clerk Garcia violated his rights by supplying court records to the defendant judges is also frivolous.

Idrogo contends that he is entitled to have the divorce decree and child-support orders set aside. He asserts, inter alia, that the divorce violates his constitutional rights to remain married to Bohn and to beget and raise children, in accordance with his religious beliefs. Idrogo made these and other claims in Idrogo v. Mireles [and Bohn], No. 94-50506 (5th Cir. Jan. 25, 1995) (unpublished), an appeal which this court dismissed as frivolous.

Bohn did not file an affidavit or submit any other evidence relative to summary judgment. However, "[i]n ruling on a motion to proceed IFP on appeal, we have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "[R]epetitious litigation of virtually identical causes of action is subject to dismissal under [former] 25 U.S.C. § 1915(d) as malicious." Id. (citation and quotation marks omitted). Accordingly, Idrogo is not entitled to any appellate relief relative to his claims against Bohn.

The persons comprising Unit 212 were entitled to summary judgment because, as shown by their uncontradicted affidavit, the

Unit was established pursuant to Texas state law to enforce child-support orders, and Idrogo has not alleged facts which would indicate that the Unit has violated any of his rights in so doing.

Idrogo has abandoned his claim that he was entitled to default judgments against all defendants except Bohn, and his claim that he is entitled to relief under the Soldiers' and Sailors' Civil Relief Act of 1940, by failing to brief them.  See Al-Ra'id v. Ingle, 69 F.3d 28, 33 (5th Cir. 1995).

We caution Idrogo that any additional frivolous appeals filed by him will invite the imposition of sanctions.  To avoid sanctions, Idrogo is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.  See Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.