IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-50983
Summary Calendar
_____

JENNIFER WITTE; CELESTE
BLAIR-KELLY; ASHLI LEIST;
DARLA BLACKMON; VIKTORIA
ROBERTSON; CHRISTINA INNES;
TINY CHAMBERLAIN; MARY ANN
LIVENGOOD; MARIA GARZA;
CHANIN LINDGREN; LAURA CAMPBELL;
ELIZABETH GUYNES,

                                        Plaintiffs-Appellants,

versus

TEXAS BOARD OF PARDONS AND
PAROLES, ET AL.,

                                        Defendants.

LINDA AMENT; REBECCA ADAMS;
JUDY ARNOLD; BILL MUSSER,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. A-98-CV-503-SS & A-99-CV-552-SS
_____

October 2, 2000

Before POLITZ, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jennifer Witte and the named appellants were inmates confined to the Gatesville Prison, all of whom were sexually assaulted by an employee of the Texas Board of Pardons and Paroles who was assigned to the prison. They challenge the trial court's finding and conclusion that certain prison officials were entitled to qualified immunity in their civil-rights action brought under 42 U.S.C. § 1983. In their brief, Appellees moved to supplement the record with three documents. Because the district court has provided a supplemental record containing these documents, their motion is made moot.

At our direction, the parties addressed whether Appellants' premature notice of appeal deprived us of jurisdiction.[1] We now conclude that in this instance the premature notice does not prevent our exercise of jurisdiction.[2]

Appellants contend that the district court erred in concluding that there was no evidence that Appellees were deliberately indifferent to the substantial risk that the errant parole officer might sexually assault them. The district court considered affidavits submitted by Appellants, thereby treating a pending motion as a request for summary judgment.[3] We review *de novo* an appeal from a grant of summary

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Mosley v. Cozby, 813 F.2d 659 (5th Cir. 1987) (noting that this court must examine the basis of its own jurisdiction when necessary).

[2]Barrett v. Atlantic Richfield Co., 95 F.3d 375 (5th Cir. 1996).

[3]Fed. R. Civ. P. 12(b).

judgment.[4]  Our review of the record persuades that the district court did not err in concluding that Appellees were entitled to qualified immunity.  Viewed in the  most favorable light, Appellants have alleged only negligence by Appellees.  It is well established that mere negligence is insufficient to establish a § 1983 claim.[5]  Appellants allege that the prison officials knew, in general terms, of the risks of sexual assault in prison; they have not alleged facts suggesting, as is required, that the defendant officers were deliberately indifferent to a substantial risk of harm posed by the offending employee.[6]

Appellants further maintain that the district court should have granted their motion for reconsideration in which they presented a new affidavit.  The district court did not abuse its discretion in denying that motion.[7]

Appellees' motion is DENIED as moot.  The judgment appealed is AFFIRMED.

---

[4]FDIC v. Ernst & Young, 967 F.2d 166 (5th Cir. 1992).

[5]Oliver v. Collins, 914 F.2d 56 (5th Cir. 1990).

[6]Downey v. Denton Co., Tex., 119 F.3d 381 (5th Cir. 1997); see also Farmer v. Brennan, 511 U.S. 825 (1994).

[7]Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co., 174 F.3d 653, (5th Cir. 1991).