IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60468
Conference Calendar
_____

LYNWOOD CANNON,

Plaintiff-Appellant,

versus

ROBERT CULPEPPER; ET AL.,

Defendants,

LYNETTE JORDAN; CLASSIFICATION DEPARTMENT; JOHN DOES;
JAMES HOLMAN; EARNEST LEE; JAMES R. SMITH,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CV-44-BN
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Lynwood Cannon, Mississippi prisoner # 59724, appeals the denial of his 42 U.S.C. § 1983 claim. He argues that the magistrate judge erred in denying his request for appointment of counsel and in finding that Offender Truelove's prior conviction for assaulting a prison officer was insufficient to put the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants on notice that Truelove posed a serious risk of harm to Cannon. He further argues that the lack of security overseeing the yard is evidence of the defendants' deliberate indifference.

We hold that the magistrate judge did not abuse his discretion in refusing to appoint counsel in light of the facts that the evidence was not in dispute, the case was not complex, and Cannon possessed a sufficient ability to investigate and present his case. See Castro Romero v. Becken, 256 F.3d 349, 353-54 (5th Cir. 2001). We further hold that the magistrate judge did not clearly err in finding that the defendants did not possess the requisite knowledge to support their liability under 42 U.S.C. § 1983. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995)(whether defendants possessed knowledge that inmate faced a substantial risk of serious harm is a question of fact); Nationwide Mut. Ins. Co. v. Dunning, 252 F.3d 712, 716 (5th Cir. 2001) (findings of fact are reviewed for clear error). Cannon presented no evidence that in the one to two years after Truelove's conviction, he had committed any other assaults or had exhibited behavior such that the defendants should have been aware that he posed a risk of serious harm.

Because Cannon has failed to establish that the defendants knew that he faced a substantial risk of serious harm, the alleged lack of security overseeing the yard can, at most, be negligence on the part of the defendants, which is not actionable

in a 42 U.S.C. § 1983 action.  See Oliver v. Collins, 914 F.2d
56, 60 (5th Cir. 1990).

AFFIRMED; all outstanding motions are DENIED.