United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-60889
Summary Calendar

———————————

TYRES F AUTREY

Plaintiff - Appellant

v.

STATE OF MISSISSIPPI, ET AL.

Defendants

PASCAGOULA POLICE DEPARTMENT

Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:01-CV-299-SR
--------------------

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

PER CURIAM:[*]

Tyres F. Autrey, a non-prisoner proceeding pro se, appeals

the district court's grant of summary judgment for the Pascagoula

Police Department in this 42 U.S.C. § 1983 action alleging a

failure to investigate adequately the shooting death of his

mother, Evangerland Diane Autrey, on June 9, 1975.  Autrey argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that Judge Senter's ruling granting summary judgment showed that he had no interest in his claims, just as the Police Department showed no interest in prosecuting his mother's murderer. He contends that the district court erred in denying his motion to amend his complaint. He argues that there are unique and extenuating circumstances surrounding the three-year statute of limitations.

Autrey does not make any argument concerning the district court's ruling that he had no legally enforceable right to challenge the adequacy of the Police Department's investigation in a 42 U.S.C. § 1983 action for damages. The district court correctly ruled that Autrey had no constitutional right to have someone criminally prosecuted for his mother's death. Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). The alleged actions, or inaction, of the Police Department did not infringe any legally recognized right belonging to Autrey, and so he had no standing to sue. Dohaish v. Tooley, 670 F.2d 934, 936-37 (10th Cir. 1982) (holding father had no standing to sue for alleged discrimination in the non-prosecution of the killers of his son).

The district court's memorandum opinion and order does not show a lack of interest in Autrey's case. Autrey does not state how being allowed to file an amended complaint would overcome the district court's ruling that he did not have standing to sue. The statute of limitations issue need not be addressed due to

Autrey's failure to challenge the other independent basis for granting summary judgment.

Autrey's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2. The motion to supplement the record is DENIED.