United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-11008
Conference Calendar

JOHN ART GARY,

Plaintiff-Appellant,

versus

DARREN PACE; CLARENCE GRAY JOHNSON; RANDON GRAY;
SANDRA HICKS; BRUCE JONES; RENEE PERRY; JADA ANAE
BRODY; S.W. GRIFFIS; TOMMY RALEY; RUSS UNDERWOOD;
BRIAN CORRIGAN; RACHEL JONES,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-202
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

John Art Gary, Texas state prisoner # 1282741, moves this
court for leave to appeal in forma pauperis (IFP) following the
district court's dismissal of his civil rights complaint as
frivolous under 28 U.S.C. § 1915(e)(2)(B).  Gary's motion for IFP
is construed as a challenge to the district court's determination
that the appeal is not taken in good faith.  See Baugh v. Taylor,
117 F.3d 197, 202 (5th Cir. 1997).  This court's inquiry into

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Gary brought suit against several employees of a McDonald's restaurant, alleging that he wrongfully was shot in the leg by one of the employees after he began a robbery of the restaurant but "changed his mind." Gary also named as defendants several law-enforcement agents; however, he does not appeal from the district court's dismissal of his claims against those defendants.

Even were this court to accept Gary's assertion that he submitted evidence sufficient to support his claim that the McDonald's defendants conspired with state actors to protect the employee who shot him from criminal liability, Gary had no federal constitutional right to have the employee criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). Gary thus fails to state a cause of action under 42 U.S.C. § 1983. See Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995). The motion for IFP is denied and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Gary previously filed a civil rights complaint that was dismissed as frivolous. See Gary v. Collins, 6:91cv530 (E.D. Tex. May 26, 1992). The dismissal of the instant appeal as

frivolous counts as two strikes.  See <u>Adepegba v. Hammons</u>,

103 F.3d 383, 387 (5th Cir. 1996).  Because he has accumulated

three strikes under § 1915(g), Gary is barred from proceeding IFP

in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of

serious physical injury.  <u>See</u> § 1915(g).

MOTION FOR IFP DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g)
BAR IMPOSED.