# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-10382
Summary Calendar

LAKEITH AMIR-SHARIF

Plaintiff-Appellant

v.

DISTRICT ATTORNEY'S OFFICE OF DALLAS COUNTY; WILLIAM T HILL, Dallas County Criminal District Attorney; TOBY SHOOK; NICK KARYODISO, Assistant District Attorney Dallas County; SHIRLEY DYSON, Badge 433 Investigator Dallas District Attorney Office; CHRISTINA O'NIEL, Dallas County District Attorney's Office; PATRICK BONNER, Detective Dallas County Sheriff's Department; LIEUTENANT JUDY PHARR, Dallas County Sheriff's Department; COMMISSION ON LAW ENFORCEMENT OFFICER STANDARDS

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-2277

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lakeith Amir-Sharif filed the instant 42 U.S.C. § 1983 civil rights suit to seek redress for alleged wrongs that were perpetrated against him in connection

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with his attempts to bring criminal charges against a guard at the jail where he was detained. The district court dismissed his suit as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Amir-Sharif now moves this court for authorization to proceed in forma pauperis (IFP) on appeal. Amir-Sharif will not receive such authorization unless he shows that he is impecunious and will raise a nonfrivolous appellate claim. See Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982).

A review of Amir-Sharif's filings with this court show that he has not made this showing. Amir-Sharif raises several arguments concerning the defendants' purported violations of Texas law. To raise a viable § 1983 claim, a plaintiff must show that a state actor infringed his rights under "the Constitution or laws of the United States." Resident Council v. United States Dep't of Hous. and Urban Dev., 980 F.2d 1043, 1050 (5th Cir. 1993). Thus, to the extent that Amir-Sharif contends that the defendants violated his rights under Texas law, these contentions do not suffice to show that he will raise a nonfrivolous § 1983 claim on appeal.

Amir-Sharif's contention that his rights were violated because the defendants declined to bring criminal charges against the guard who purportedly assaulted him is likewise unavailing. Decisions whether to prosecute or file criminal charges against an individual lie within the prosecutor's discretion, and private citizens do not have a constitutional right to have an individual criminally prosecuted. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); United States v. Batchelder, 442 U.S. 114, 124 (1979); see also Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). Consequently, Amir-Sharif's arguments concerning the decision not to prosecute the guard do not suffice to show that he will raise a nonfrivolous appellate claim.

Finally, Amir-Sharif's arguments concerning a conspiracy, equal protection, due process, cruel and unusual punishment, and retaliation do not suffice to raise a nonfrivolous appellate claim because they are grounded in his

own conclusional allegations. See Mowbray v. Cameron County, Tex., 274 F.3d 269, 278 (5th Cir. 2001); see also Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990).

Amir-Sharif has failed to show that he will raise a nonfrivolous claim in this appeal. Consequently, his motion to proceed IFP is DENIED, and this appeal is DISMISSED as frivolous.