# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-40597
Summary Calendar

LYLE KEVIN BRIDGEWATER

Plaintiff-Appellant

v.

TIMOTHY SIMMONS, Senior Warden; MARK W DUFF, Chief of Classifications; XEAVER KING, Disciplinary Captain; A C WORTHAM, Sergeant; KAREN KERSTENS, Sergeant

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:07-CV-218

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lyle Kevin Bridgewater, Texas prisoner # 1398768, appeals from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). He moves this court for the appointment of counsel and to have his case remanded for a jury trial before a different judge in the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court is directed to dismiss a complaint filed by a prisoner if the complaint is frivolous or fails to state a claim upon which relief may be granted. *See id*. § 1915A(b)(1). Because Bridgewater's claims were dismissed pursuant to Section 1915A, this court's review is *de novo*. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). A complaint is frivolous "if it lacks an arguable basis in fact or law." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (internal quotation marks omitted).

This appeal involves Bridgewater's claims that prison officials were deliberately indifferent to his claims that his life was endangered following a fight with a gang-affiliated fellow inmate, and that this deliberate indifference resulted in physical harm to him. Contrary to Bridgewater's assertions that prison officials totally ignored the danger to his life, prison officials moved Bridgewater to a new housing pod where the inmate with whom Bridgewater fought was not housed. There is no evidence in the record that the prison officials who changed Bridgewater's housing assignment actually inferred from the facts stated by Bridgewater that Bridgewater faced a substantial risk of harm from other gang members as a result of the fight. Absent evidence of such an inference and in light of prison officials' attempt to protect Bridgewater by changing his housing assignment, Bridgewater's deliberate indifference claims were correctly dismissed as frivolous. *See Farmer v. Brennan*, 511 U.S. 825, 832-34, 837, 844 (1994); *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (en banc); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

The dismissal of Bridgewater's complaint is affirmed, and his outstanding motions are denied. For purposes of the three-strikes provision of Section 1915(g), the district court's dismissal under Section 1915A counts as a strike. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, Bridgewater is warned that if he accumulates three strikes he may not thereafter proceed in forma pauperis in any civil action or appeal filed while

he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED; ALL OUTSTANDING MOTIONS DENIED; SANCTION WARNING ISSUED.