# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 18, 2011

No. 10-10204
Summary Calendar

Lyle W. Cayce
Clerk

STEVE GREEN, also known as Steve O'Neal Green,

Plaintiff-Appellant

v.

DOCTOR NFN REVEL, Unit Health Authority; M. HOLLIGAN, Classification
Chief; NFN ADAMS, Senior Warden; NFN BAKER, Assistant Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CV-147

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Steve Green, Texas prisoner # 1436873, appeals the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1) as frivolous and for failure to state a claim upon which relief may be granted. We review the dismissal of Green's claims de novo. *See Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003). A claim may be dismissed as frivolous if it does not have an arguable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

basis in fact or law. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A claim may be dismissed for failure to state a claim upon which relief may be granted if, assuming all well pleaded facts are true, the plaintiff has not stated "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted).

Liberally construed, Green restates in his brief the factual allegations that he made in the district court. He maintains that the defendants failed to protect him because Dr. Revel was not called when he was brought to the medical unit after he was raped by his cellmate at the Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division. He contends that the rape examination was stopped after he told the officer in the medical unit that the Classification Chief at Clements, M. Holligan, was partially responsible for the rape. Green maintains that Dr. Revel should have overruled the decision to stop the rape examination and should have arranged for an HIV test for him before he was transferred to a different prison. He asserts that Holligan somehow failed to protect him because she transferred him to a prison next door to Clements after the rape.

For the first time on appeal, Green, raising a claim that he raised in a different civil action, alleges that Adams, the Senior Warden of Clements, knew about the danger his cellmate posed to him because Warden Adams knew about a previous incident in which excessive force was used on him and he was found in a small room with serious injuries. Also for the first time on appeal, Green argues that Warden Adams and Baker, an Assistant Warden at Clements, should have transferred him to a prison in the Southern District of Texas because he is subject to retaliation in any prison in the Northern District of Texas and that his original transfer to a prison in the Northern District of Texas was made in error. He seeks an order from the court transferring him to his original prison in the Southern District of Texas. Because these claims were not

raised in the district court, we do not consider them. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

The primary claims that Green raised in the district court were a claim that the defendants failed to protect him from his cellmate and that the defendants failed to provide him with proper medical care after he was raped by his cellmate. Green alleged that Holligan improperly assigned him to a cell with an inmate weighing 100 pounds more than he did. He maintained that an officer identified as Officer Maxie and an unidentified sergeant were aware that his cellmate had threatened to kill him. He asserted that a nurse and the officer who escorted him to the medical unit following the rape prevented him from receiving a full examination after he was raped. Green failed to show, however, that any of the named defendants personally knew about the threat made by his cellmate or that any of the defendants prevented him from receiving a full medical examination. Accordingly, Green did not allege that any of the defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and he, therefore, did not state a viable claim for failure to protect or for deliberate indifference to serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Green's other allegations also failed to state a viable claim. To the extent that Green sought a criminal investigation of the rape, Green did not have a constitutional right to have a criminal investigation conducted or the offender prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). While Green vaguely asserted a retaliation claim, that claim was not viable because Green did not allege anything more than his personal belief that the defendants retaliated against him for filing previous civil actions. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Green's allegation that Warden Baker stated that Green engaged in consensual sex and was not raped also failed to state a viable claim because statements made by prison officials to inmates do not rise to the

level of constitutional violations. *See McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Green's allegations in the district court failed to state a claim upon which relief may be granted. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

Green argues that the district court abused its discretion by denying his motion for appointment of counsel. He has not shown the existence of exceptional circumstances necessary to justify the appointment of counsel in a civil rights action. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Accordingly, Green has not shown that the district court committed a clear abuse of discretion by denying his motion for appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

Green's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of the complaint. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Green has previously accumulated one strike. *See Green v. Evans*, No. 2:08-CV-0153, slip op. at 1 (N.D. Tex. Jan. 22, 2009) (unpublished). As Green has now accumulated three strikes, he is barred from proceeding in forma pauperis pursuant to § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.