# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 13, 2011

Lyle W. Cayce
Clerk

No. 10-11029
Summary Calendar

DAMOND UNDRAY MOSLEY,

Plaintiff-Appellant

v.

SHERIFF DEE ANDERSON; CORPORAL J SCOTT; RENZALE TRIMBLE,
Inmate,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-621

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Damond Undray Mosley, Texas prisoner # 1606079, alleged under 42 U.S.C. § 1983 that prison officials contravened the Eighth Amendment because they failed to prevent an attack against him by another inmate (Trimble). He contended that prison officials were deliberately indifferent to his safety by placing him in a cell with Trimble, whom officials could have anticipated would severely injure him. The district court dismissed Mosley's complaint both as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B).  Accordingly, our review is de novo.  *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Prison officials have a constitutional duty under the Eighth Amendment's prohibition against cruel and unusual punishment to protect prisoners from violence at the hands of other prisoners.  *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994).   A prison official can be found liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety"; accordingly, the prison official must be aware of facts from which he could draw an inference of an excessive risk to an inmate's health or safety and drew an inference that such potential for harm existed.  *Id.* at 837.

Mosley's assertions do not support that the defendants were deliberately indifferent for failing to protect him from an attack by Trimble.  Mosley has not set forth any bases upon which Anderson or Scott knew of and disregarded a risk to Mosley's safety by placing him in a cell with Trimble, i.e,.  Mosley has not alleged facts suggesting that Anderson or Scott knew that Trimble presented a risk of harm and failed to protect Mosley from that known risk.  *See Farmer*, 511 U.S. at 837.  Mosley does not contend that he expressed concern to Anderson or Scott –or any other prison official – about a potential attack by Trimble, and he does not set forth any grounds upon which Anderson or Scott should have anticipated that Trimble presented a risk.

Mosley furthermore has not alleged that Anderson or Scott was involved in effectuating his placement with Trimble or in enabling the attack.  He instead alleges that a prison officials whom he did not name as defendants placed him with Trimble and instigated the assault.  To the extent that Mosley alleges that, because of their supervisory positions, Anderson and Scott are responsible for their subordinates, this claim is without merit.  *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).  To the extent that prison officials were negligent for

not preventing the assault, Mosley is not entitled to relief on this basis. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

We need not consider whether there was a pattern of abuse at the facility suggesting deliberate indifference in this case because Mosley did not raise this claim in the district court. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000). Likewise, to the extent that Mosley seeks to assert for the first time on appeal that the defendants denied him access to the courts, we need not review this claim. *See id.* Because Mosley's federal claims were properly dismissed, the district court did not err in declining to exercise supplemental jurisdiction over his state-law claims against inmate Trimble and dismissing those claims without prejudice. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).

Mosley has not demonstrated that the district court erred in finding that his complaint was frivolous and failed to state a claim on which relief could be granted. Accordingly, the district court's judgment should be affirmed.

The district court's dismissal of Mosley's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Mosley is warned that if he accumulates three strikes, he may not thereafter proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Mosley has filed a motion for appointment of counsel. Because he has not shown exceptional circumstances, his motion for the appointment of counsel is denied. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.