# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30611
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2014

Lyle W. Cayce
Clerk

BRENDON LEE LANDS,

Plaintiff-Appellant

v.

SERGEANT LEMOINE; SERGEANT BAPTISTE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-343

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Brendon Lee Lands, Louisiana prisoner # 448561, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint against Sgt. Billy Lemoine and M. Sgt. Glenn Batiste for injuries sustained at the hands of fellow inmate Williams Hebert while he was incarcerated at the Avoyelles Correctional Center (ACC) in Cottonport, Louisiana. He does not challenge the district court's grant of Sgt. Lemoine's motion for summary judgment or

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's denials of his motions to substitute Sgt. Gregory Normand as a named defendant. These issues are therefore abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Lands contends that the district court erred in granting M. Sgt. Batiste's motion for summary judgment. He argues that the district court's decision was based on M. Sgt. Batiste's false and misleading statements, that M. Sgt. Batiste's affidavit was deficient, that M. Sgt. Batiste violated ACC rules, and that M. Sgt. Batiste knew there was a substantial risk of inmate attacks at the ACC and disregarded that risk when he left his post unguarded and failed to reasonably intervene in the attack.

We review a grant of summary judgment de novo, using the same standard as that employed by the district court. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the moving party establishes this, the burden shifts to the nonmovant to set forth specific evidence to support his claims. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

In his affidavit and certified response to the deposition by written questions, M. Sgt. Batiste denied any knowledge of Hebert's prior theft complaint or that Hebert believed Lands was one of the inmates responsible. Lands has presented no evidence that rebuts this contention. M. Sgt. Batiste's general acknowledgement that "[i]nmate attacks take place often at all hours of the day and night" was insufficient to establish that he knew Lands faced a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 842-43 (1994). Further, the Unusual Occurrence Reports completed by the officers on duty at the time of the incident state that upon seeing Hebert hit Lands, M.

Sgt. Batiste immediately yelled "fight," activated a beeper, entered the tier, and ordered Hebert to stop. Although questions about some of the details remain, if we consider those facts in the light most favorable to Lands, they do not show that M. Sgt. Batiste acted with deliberate indifference. M. Sgt. Batiste had other job duties, such as rounds and counts, which required him to walk away while still observing the tier.

Lands's conclusional allegations that M. Sgt. Batiste violated ACC rules by conducting his counts 15 minutes after each hour rather than at the top of each hour, that he left his post unguarded, and that he failed to act with reasonable diligence in his efforts to stop the attack are insufficient to raise a genuine issue of material fact as to whether he deliberately disregarded a known risk to Lands's safety. *See Farmer*, 511 U.S. at 837. Rather, these allegations suggest that, at most, M. Sgt. Batiste did not act reasonably and was negligent in his duties. Mere negligence by officials in failing to protect a prisoner from an assault does not form the basis of a § 1983 claim. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Therefore, the district court did not err in granting M. Sgt. Batiste's motion for summary judgment.

Lands also contends that the district court erred in granting summary judgment and denying, as moot, his motion for leave to file an additional brief in support of his cross motion for summary judgment without first enforcing the magistrate judge's February 14, 2013, order to compel the production of color copies of the photographs taken on the date of the incident. He argues that the district court should have continued its consideration of the summary judgment motions because the defendants defied the magistrate judge's order and the withheld evidence would have supported his claims.

Even if Lands's motion to enforce the magistrate judge's order and his objections to the magistrate judge's report and recommendation could have

been construed as requests for a continuance under Federal Rule of Civil Procedure 56(d), he cannot show that color copies of the photographs taken on the date of the incident would have created a genuine issue of material fact sufficient to defeat summary judgment. *See Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). Therefore, Lands has failed to show that the district court abused its discretion in granting summary judgment and denying his motion for leave to file an additional brief in support of his cross motion for summary judgment without first enforcing the magistrate judge's order. *See id.*

Finally, Lands contends that the district court erred in denying his April 8, 2013, motion for leave to amend his complaint. His proposed amended complaint sought to change his claim against M. Sgt. Batiste from "abandonment of duty" to "breach of duty," to allege that M. Sgt. Batiste was the acting lieutenant and responsible for overseeing the entire unit, to allege that M. Sgt. Batiste was deliberately indifferent to his safety by failing to intervene and stop the attack, and to expand the amount and type of requested relief. Lands does not explain how these new facts and allegations would have affected the disposition of his claims. Further, the proposed amendments to Lands's complaint would have been futile. Therefore, the district court did not abuse its discretion in denying Lands's motion for leave to amend his complaint. *See Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

Accordingly, the district court's judgment is AFFIRMED.