# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 3, 2023

Lyle W. Cayce
Clerk

———————————

No. 22-40725
CONSOLIDATED WITH
No. 23-40017
Summary Calendar

———————————

DANIEL NEAL MARTIN,

*Plaintiff—Appellant*,

*versus*

SHERIFF LARRY BUSBY; CHARLIE STROLENY, *Chief Deputy*;
DEPUTY NOWLAN; DEPUTY PEERMAN; DEPUTY SALINAS,

*Defendants—Appellees*.

———————————————————————

Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. 2:22-CV-181, 2:22-CV-181

———————————————————————

No. 22-40725
c/w No. 23-40017

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Daniel Neal Martin, Texas prisoner # 26884, appeals the dismissal of his 42 U.S.C. § 1983 suit as either frivolous or for failure to state a claim upon which relief may be granted, or both, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Martin alleged that the defendants violated his civil rights by not investigating and prosecuting claims he made about numerous private citizens committing acts of violence against him. Martin also moves for appointment of counsel.

We review the dismissal for failure to state a claim or as frivolous under §§ 1915(e)(2)(B) and 1915A(b)(1) de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). To determine whether an action states a claim on which relief may be granted, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A complaint is frivolous "if it lacks an arguable basis in fact or law." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (internal quotation marks omitted).

Martin argues that the district court erred when it dismissed his claims of sex and gender discrimination, failure of the defendants to investigate and prosecute claims, and failure of the defendants to protect him. He reiterates his claim that private citizens committed acts of violence against him and that the defendants failed to investigate or prosecute those claims after he reported them.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

First, Martin has not shown that the district court erred in dismissing the sex and gender discrimination claim because he offers nothing more than a personal belief, rather than an allegation of specific acts, to demonstrate he was the subject of such discrimination by the defendants or any other individual. *See Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). Second, Martin also has not demonstrated that the district court erred in dismissing his failure-to-investigate and failure-to-prosecute claims as he has no constitutional right to have state officials investigate and prosecute individuals. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Lefebure v. D'Aquilla*, 15 F.4th 650, 654-55 (5th Cir. 2021); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Finally, any failure by the defendants to protect Martin does not implicate his rights under the Eighth or Fourteenth Amendments. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189, 197 (1989); *Kovacic v. Villareal*, 628 F.3d 209, 213 (5th Cir. 2010).

In addition, Martin raises claims of excessive force, due process violations, deliberate indifference to his medical needs, and unconstitutional conditions of confinement. Because Martin did not raise these claims in the suit forming the basis of this appeal, we will not consider them in this appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Based on the foregoing discussion, the district court did not err in dismissing Martin's complaint as either frivolous or for failure to state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678; *Berry*, 192 F.3d at 507. The judgment of the district court is AFFIRMED, and Martin's motion for appointment of counsel is DENIED. The district court's dismissal of Martin's complaint under § 1915(e)(2)(B) counts as a single strike under § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman*, 575 U.S. 534-41. Accordingly, Martin is WARNED that if he accumulates three

No. 22-40725
c/w No. 23-40017

strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).