# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-30787
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2023

Lyle W. Cayce
Clerk

QUINTEN M. MORAN,

*Plaintiff—Appellant*,

*versus*

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS; KIRT D. GUERIN; WALTER GERALD; UNKNOWN
ROBINSON,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CV-512

———————————————————————

Before JONES, HIGGINSON, and HO, *Circuit Judges*.

PER CURIAM:[*]

Quinten M. Moran, Louisiana prisoner # 465482, moves for leave to proceed in forma pauperis (IFP) in his appeal of the sua sponte dismissal of his civil action. The motion is a challenge to the district court's certification

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

that the appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Moran argues that the district court erred in dismissing his claims. However, with regard to his claims based on deliberate indifference to serious medical needs, the inadequacy of grievance procedures, verbal abuse and threats, and conspiracy, Moran's failure to address the district court's grounds for dismissal "without even the slightest identification of any error in [the court's] legal analysis or its application to [his] suit . . . is the same as if he had not appealed that judgment." *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Therefore, these four claims are forfeited.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann*, 813 F.2d at 748.  As to his sole remaining claim, which concerns the asserted failure to protect him from another inmate, as the district court determined, the claim fails because it is based on alleged negligent acts, not deliberate indifference to Moran's safety.  *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).[1]

Also, Moran contends that the district court abused its discretion by dismissing his action without giving him an opportunity to amend his complaint a second time.  However, Moran was on notice of the deficiencies in his amended complaint, yet he failed to "proffer a proposed second amended complaint to the district court," and did not "suggest . . . any additional facts not initially pled that could, if necessary, cure the pleading defects." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-55 (5th Cir. 2003).

---

[1] In a footnote, Moran contends that the allegations of his complaint, if taken as true, establish the defendants' guilt of various criminal offenses.  To the extent that Moran's argument can be liberally construed as raising additional civil rights claims, because he did not pursue such claims in the district court, this court will not address them on appeal. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006).

In such circumstances, a district court does not abuse its discretion in denying leave to amend. *See id.*

In view of the foregoing, Moran has failed to show that "the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Because the appeal lacks arguable merit, Moran's IFP motion is DENIED, and the APPEAL IS DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.

The district court's dismissal of the complaint for failure to state a claim and the dismissal as frivolous of this appeal each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Moran is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).