**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 3, 2011

No. 10-40495

Lyle W. Cayce
Clerk

RONNIE WAYNE BARBER,

Plaintiff-Appellant

v.

DIRECTOR OF TEXAS DEPARTMENT OF CRIMINAL JUSTICE NATHANIEL QUARTERMAN; SENIOR WARDEN CHUCK BISCOE; ASSISTANT WARDEN ROBERT HERRERA; MAJOR OF CORRECTIONS MICHAEL D. OWENS; CAPTAIN BRUCE M. FOREMAN; LIEUTENANT JAMES W. GREEN; SERGEANT FLOYD C. ROBERTSON; CORRECTION OFFICER LANNY D. BROWN; LIEUTENANT JOE M. CHILDRESS,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-238

Before KING, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

Ronnie Wayne Barber, Texas prisoner # 1350073, alleged under 42 U.S.C. § 1983 that various prison officials were deliberately indifferent to his safety in contravention of the Eighth Amendment, violated his right to due process, and ran afoul of state law and prison policy. Barber's allegations stem from the steps

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the officials took to address threats made by fellow inmates, which Barber alleged caused severe mental, emotional, and psychological distress and which culminated in an incident where his cell mate, Jerome Hendrick, assaulted him. After screening the complaint, the magistrate judge, presiding with Barber's consent, dismissed the case under 28 U.S.C. § 1915A(b)(1), finding that Barber's claims lacked an arguable basis in law and failed to state a claim.  Barber moved for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, and the magistrate judge denied that motion.

Section 1915A(b)(1) provides for dismissal of a prisoner's civil-rights complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  We review de novo the decision to dismiss a complaint on this basis.  *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010).

Prison officials have a constitutional duty under the Eighth Amendment's prohibition against cruel and unusual punishment to protect prisoners from violence at the hands of other prisoners.  *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994).  A prison official can be found liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety"; accordingly, the prison official must be aware of facts from which he could draw an inference of an excessive risk to an inmate's health or safety and drew an inference that such potential for harm existed.  *Id.* at 837.

Barber's allegations do not support a claim that prison officials were deliberately indifferent for failing to protect him.  Barber alleged that a group of inmates, not including Hendrick, ordered a "hit" on him because he owed gambling debts.  Though Barber complained when Hendrick was assigned to his cell, Hendrick and Barber lived together without incident for more than five months before Hendrick attacked Barber, and the attack came eight months after the "hit" was allegedly placed on Barber.  At a *Spears* hearing, Barber explained that he did not believe that Hendrick would attack him and was surprised when Hendrick did so.  Because Barber did not allege that prison

2

officials knew and disregarded an excessive risk to his safety by placing Hendrick in his cell, the magistrate judge did not err in dismissing the claim. *See id.* at 837.

Barber also argues that he stated a claim that prison officials failed to protect him from the inmates who allegedly ordered the hit, causing him to suffer emotional and psychological distress. Officials opened ten investigations relating to Barber's assertions that his life was in danger. They held at least two hearings to address the issue. As a result, they recommended a transfer to a different facility, but state officials refused to approve the transfer, citing a lack of evidence. Though Barber attempted to provide more evidence in the form of inmates' affidavits, the affidavits do not identify the inmates who threatened Barber. Barber criticizes certain aspects of the investigations, for instance, faulting officers for permitting other inmates to read one of Barber's life-endangerment statements, but at most, Barber's allegations indicate negligence, which does not constitute deliberate indifference. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Barber's allegations reveal that officers reasonably responded to his concerns that he would be harmed. *See Farmer*, 511 U.S. at 844 (explaining that officials are not liable if they reasonably responded to a known substantial risk). Accordingly, he failed to state a claim that officials were deliberately indifferent to an excessive risk to his safety.

Barber asserts that officials falsified a report in violation of his right to due process and that others conspired with them to falsify the report. These allegations, however, do not state a claim under § 1983 because Barber has identified no constitutional violation. To the extent that he argues that the report caused his request for a reassignment to be rejected, the Due Process Clause does not, by itself, confer a protected liberty interest in the location of his confinement, *see Meachum v. Fano*, 427 U.S. 215, 225 (1976), and a prisoner has no constitutional right to be housed in a particular facility, *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). Barber also argues that this report resulted in the

denial of parole. However, he can show no due process violation because he does not have a liberty interest in parole. *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). Moreover, Barber has not stated a claim for conspiracy to falsify the report because he was not deprived of any constitutional right. *See Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984).

According to Barber, the director of the Texas Department of Criminal Justice and the warden of the prison should be held liable for failing to properly train the other officials on the procedures to follow when a prisoner reports that his safety is in danger and for implementing unconstitutional policies that were inadequate to protect prisoners. However, because the policies have resulted in no violation of Barber's rights, he cannot succeed. *See Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998).

Barber also attempts to add a claim that officials retaliated against him for filing grievances and life-endangerment statements by writing major disciplinary cases against him for refusing to move to general population. Because he did not raise a retaliation claim in the district court, we decline to address it. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006). Moreover, Barber does not address the magistrate judge's denial of his Rule 60(b) motion and does not reurge his claims that prison officials violated prison policies and procedures. Accordingly, he has forfeited these arguments, and we decline to address them. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Finally, because all of Barber's federal claims were properly dismissed, the magistrate judge did not err in declining to exercise supplemental jurisdiction over Barber's state-law claims, *see* 28 U.S.C. § 1367(c)(3); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 226-27 (5th Cir. 1999), and in dismissing those claims without prejudice, *see Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).

Barber's appeal is frivolous, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), and is dismissed, 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of the complaint.  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Barber that if he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.